## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

## IN ADMIRALTY

### CASE NO.:

**CHARLENA DAVIS,**

     **Plaintiff,**

**v.**

**CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,**

     **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, CHARLENA DAVIS (hereinafter "Plaintiff"), and hereby files this Complaint against Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "Defendant" or "CCL"), and alleges:

### JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in an amount exceeding seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

2.    The Plaintiff is *sui juris* and is a New York resident and citizen, and the parties are diverse. Plaintiff was a fare paying passenger on board the cruise ship

known as the *Carnival Spirit* (hereinafter the "Vessel").

3.     At all material times, Defendant, CARNIVAL CORPORATION**,** is and was a foreign corporation licensed to conduct business in the State of Florida, and did conduct business in Florida as CARNIVAL CRUISE LINES, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the *Carnival Spirit.*

4.     Jurisdiction is proper in this Court under 28 U.S.C. 1333 original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5.     At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6.     In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff, to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Thus, venue is proper in this Court.

7.      Venue is also proper in this district because the Defendant's principal place of business is located within this district.

8.      The Plaintiff has complied with all conditions precedent to bringing this action.

9.      The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant by letter a timely written notice of claim, as required by the ticket contract.

10.     Defendant either was aware or should have been aware of unmarked doors that are not known to, nor obvious to, the passengers; the inward-opening doors are furthermore not properly marked as accessible by crew from the inside, with the door opening *inward*, without any notice to passengers.  The door upon which Plaintiff was leaning, at the time of her fall due to an employee opening the same door, was a hazardous condition.



11.   As a standard, the National Fire Protection Association Standards for Fire Doors (NFPA 80) require fire rated labels that remain legible throughout the duration of the door.

12.     As a standard, Section 18.2.2.5.6 of the Life Safety Code (NFPA 101-2012) requires vision panels in fire rated doors, and vision panels are commonly used on both cruise ships and in buildings to allow visibility while still providing fire safety.

13.     This door to the crew dining area, which was closed when Plaintiff waited in the passenger hallway, had no vision panels, glass panels, windows, no peep holes or other features to assure visibility into the passenger hallway before the employee opens the door, which swings inward, on unsuspecting passengers of Carnival.

14.     It is foreseeable and reasonable that passengers in a staging area like this one where passengers are waiting to disembark from that hallway, would safely presume that doors in such hallway would not open inward without any warning at a location where passengers congregate and wait there to be allowed to exit.

15.     Defendant's door did not comply with National Fire Protection Association and Life Safety Code requirements.

16.     *In addition to* Carnival not reasonably foreseeing the danger of having a doorway which opens inward with no notice of that to passengers, Defendant CCL also had actual and constructive notice of safety issues and the propensity for injuries involving these types of doors on vessels owned or operated by CCL from

similar incidents which occur on its vessels including without limitation, the following incidents:

    a.    Catherine Walker v. CCL; USDC Southern Florida; Case No. 17-CV-20771-SCOLA/OTAZO-REYEZ; and

    b.    Constance Bousquet v. CCL; USDC Southern Florida: Case No. 1:23-CV-23322.

17.    At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *M/V Spirit*.

18.    At all material times, including the incident date of June 17, 2023, Plaintiff was a fare paying passenger aboard the *M/V Spirit* and in that capacity was lawfully present aboard the vessel.

19.    At all material times, the Defendant owed the Plaintiff, as a fare paying passenger aboard its cruise vessel, a duty of reasonable care for her safety.

20.    Plaintiff was aboard the cruise ship on an Alaska cruise from June 13, 2023, through June 20, 2023.   On June 17, 2023, while waiting in line to disembark the vessel at a port, the Plaintiff was leaning against, what she reasonably believed was a wall on Deck A of the subject vessel when without warning, the wall gave way and Ms. Davis suddenly fell to the floor. Unbeknownst to Plaintiff, there was a door that was not marked, in that hallway wall, and a crew member opened it inward,

without warning, from the other side, which immediately caused the Plaintiff to fall onto her right side and sustain severe bodily injury.

21.     At all times, it was foreseeable that passengers disembarking the vessel, would lean against the walls in the hallway of Deck A while passengers congregated and they were waiting to disembark the vessel.

22.     Defendant knew or should have known that the door in the hallway of the disembarkation area posed a dangerous condition to passengers aboard the vessel, especially when door was, and is, opened with no warning.

23.  The unmarked door to the crew area in Deck A's hallway, coupled with crew members opening the door without warning to passengers, created a foreseeable unsafe zone of risk to passengers, including the Plaintiff, who waited in that disembarkation area.

## COUNT I – GENERAL NEGLIGENCE

24.     The Plaintiff incorporates and re-alleges paragraphs one (1) through twenty-three (23) above, as though fully set forth herein, and further states:

25.     Defendant CCL owed a duty to act with reasonable care under to this Plaintiff and other *MV/ CCL Spirit* passengers for their safety.

26.     On or about June 17, 2023[1], while aboard the *M/V Spirit* as a fare

---

[1] The parties agreed to an extension of time on the contractual statute of limitations contained in the Defendant's ticket contract, and this civil action is filed within that agreed extension.

paying passenger, the Plaintiff was leaning against a wall on Deck A of the Defendant's vessel, the *M/V CCL Spirit*, which is a place that Plaintiff was invited to wait for disembarkation by Defendant, and a place that Defendant reasonably expected Plaintiff to be in during the cruise.

27.     On or about June 17, 2023, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances for the following acts and/or omissions:

a.     Failing to provide a safe door in this public walkway with a window or peephole to allow visibility to the employees before they open(ed) it;

b.     Failing to maintain its premises in a reasonably safe condition free of hazards to Plaintiff by having its employee(s) open the door slowly to account for passengers on the passenger-side of the door;

c.     To the extent that video was present, failing to check to see whether passengers were present at the door before the employee abruptly opened it;

d.     Failing to adequately inspect its premises for the purposes of detecting this dangerous and unsafe condition--created by the Defendant itself-- and which existed for such a time that Defendant should have known, by the use of reasonable care it existed at the time of the incident; and/or

d.     Failing to comply with its own internal policies and procedures as

established by the ISM Code, SS, SQM and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et sq., 46 USC Chapter 32 et seq., and all Rules and Regulations, including but not limited to all relevant NVIC's of the United States Coast Guard.

28.     The above acts and omissions caused and contributed to Plaintiff being severely injured because Plaintiff would not have fallen through the opening caused in the wall by the door had Defendant and/or its agents, servants, and/or employees identified the dangerous condition created when the door is opened by its employees in the presence of passengers congregated for disembarkation.

29.     At all times material hereto, the subject door onboard Defendant's vessel was an unreasonably dangerous condition not known to this Plaintiff aboard the vessel.

30.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiffs injuries. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff, CHARLENA DAVIS, demands judgment against Defendant for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and proper.

## COUNT II -NEGLIGENT DESIGN OF HIDDEN DOOR

31.     The Plaintiff incorporates and re-alleges paragraphs one (1) through twenty-three (23) above, as though fully set forth herein, and further states:

32.     At all times material hereto, it was the duty of Defendant to act with reasonable care for the safety of the Plaintiff, Ms. Davis, under the circumstances, and to design a hallway and doorway that did not pose a foreseeable and unreasonable risk of harm.

33.     The subject door was negligently and defectively designed and was unreasonably dangerous when used for its intended purposes; and very simple modifications and safeguards could have been implemented by Defendant that would have made the door and hallway safe and would have prevented the injuries to the Plaintiff.

34.     The dangerous design of the door, although not obvious to the sight of passengers, should have been obvious to Defendant when it was placed on Carnival's vessel and allowed to exist unaltered on Carnival's vessel after acceptance of the vessel—including that Carnival could have installed video to

inform its employees when a passenger was present on the other side of the inward opening door.

35.     The defective, unreasonably dangerous and negligent design of the subject door directly caused the Plaintiff's injuries and damages, in that, had the Defendant's door contained a window, safety glass, peephole, or video, etc., the Carnival employee would have seen the Plaintiff—and potentially the Plaintiff could have seen the employee.

36.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiffs injuries. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff, CHARLENA DAVIS, demands judgment against Defendant for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and proper.

## COUNT III- NEGLIGENT FAILURE TO WARN OF HAZARDOUS CONDITION

37.     The Plaintiff incorporates and re-alleges paragraphs one (1) through

Twenty-three (23) above, as though fully set forth herein, and further states:

38.    At all times material hereto, it was the duty of Defendant to warn passengers like Plaintiff of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited or reasonably be expected to visit, including the Defendant's hallway of Deck A.

39.    Defendant knew and should have known that the door, within the hallway, was obscured and not obvious to passengers, was opened by crew members from the opposite side, and without **any** warning when passengers were present, and that this posed a danger to those passengers there aboard the vessel.

40.    Defendant knew based on prior substantially similar incidents on its ships that the subject door was unreasonably dangerous.

41.    Plaintiff was injured due to the fault and negligence of Defendant, its agents, servants, and/or employees who breached their duty of care as follows:

    a.    Failed to have adequate written warnings of the dangers of the door involved in the subject incident, simply such as "Door", "Door Opens Inward", "Door Opens Without Warning", "Stand Back!", "Caution!", Etc.;

    b.    Failed to have any markings noting that this was a fire door as is required by fire codes as is required on land and ship,

    c.    Failed to warn Plaintiff of the danger of leaning against the unmarked

section of hallway and the possibility that the wall could open, without warning: and/or

d.     Failed to have there any audible warning, a buzzer, doorbell, alarm, red light, nor *any* written warning as to Defendant's subject door; and/or

e.     To the extent any video warnings of doors like this existed, they were never brought to the Plaintiff's attention, if any video at all existed, and

f.     Other acts of negligent failure to warn.

42.     At all material times, Defendant had exclusive custody and control of the above-named vessel and subject door.

43.     Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn her or passengers in general about them, and the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should appreciated them, have learned of them and warned passengers about them.

44.     As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment

of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff, CHARLENA DAVIS, demands judgment against Defendant for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and proper.

## COUNT IV - NEGLIGENT FAILURE TO TRAIN AND IMPLEMENT PROPER POLICIES AND PROCEDURES FOR EMPLOYEES

45.     The Plaintiff incorporates and re-alleges paragraphs one (1) through Twenty-three (23) above, as though fully set forth herein, and further states:

46.     At all times material hereto, it was the duty of Defendant to undertake reasonable care for the safety of the Plaintiff and passengers at this area of the vessel where passengers accumulate waiting for disembarkation; therefore, under those circumstances.

47.     Defendant knew based on prior substantially similar incidents on its ships that the subject door would be and was unreasonably dangerous to unsuspecting passengers and the Plaintiff where it opened inward without any warning.

48.     Defendant knew and should have known that the subject door

had posed a danger to other passengers and was a danger to Plaintiff, in that its employees frequently used the same door without notice to the passengers, and without knowing if any passengers were on the side of the door when opening it.

49.     Defendant owed a duty of care to properly train personnel to identify and correct unsafe conditions aboard the vessel.

50      Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees breached their duty of care as follows:

a.   Failed to train employees to provide an audible warning—a knock or audible notice--to passengers that the door was being opened.

b.   If video camera existed, a failure to train employees to visually check the area outside the subject door before opening it, to prevent allowing it to open while Plaintiff was leaned against it and causing Plaintiff to fall;

c.   Failed to train employees to open this door slowly where it is known that passengers assemble to disembark the vessel,

d.   Failed to train employees to open this door slowly and give an audible warning *as* the door is being opened where the door opens inward and it is foreseeable that passengers may be present,

e.   Failed to have safety protocols, procedures, and training in place for employees to assure reasonable safe operation of the unmarked doors

and passageways, including at the location of Plaintiff's incident; and

e.      Any additional acts of negligence which shall be discovered.

51.     At all material times, Defendant had exclusive responsibility for training and protocols and procedures of its employees aboard its vessels.

52.     Defendant created and allowed the foregoing conditions to persist that directly caused the Plaintiff's incident, and the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have trained employees to safely identify the conditions and act safely in interactions with passengers like the Plaintiff.

53.     As a result of the stated negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff, CHARLENA DAVIS, demands judgment against Defendant for the compensatory damages listed above, the costs of this action, a jury trial of all issues so triable, and any such other relief this Court deems just and

proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable of right. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract. This matter is brought under the admiralty and maritime jurisdiction of the Court and this is a claim within the meaning of Rule 9(h). Plaintiff requests an advisory jury trial pursuant to remedies saved under the Saving to Suitors Clause of 28 U.S.C. § 1333. See *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 454055 (2001)("Trial by jury is an obvious … examples of remedies available to suitors."); see also *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996). It is within the discretion of the Court to allow for an advisory jury in an admiralty or maritime claim.

Respectfully submitted on this the 11th day of October, 2024.

*/s/ Jana Ranieri Cortina, Esquire*
Jana Ranieri Cortina, Esq.
FBN:  771740
JCortina@fightingforfamilies.com
Frank D. Butler, Esq.
FBN:  940585
fdblawfirm@aol.com
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service:
courtdocserve@fdblawfirm.com

Secondary:
kallen@fightingforfamilies.com
*Attorneys for Plaintiff*